The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On the date of the plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant.
3. Defendant was self-insured under the provisions of the North Carolina Worker's Compensation Act.
4. A set of plaintiff's medical records consisting of sixteen pages is admitted into evidence.
5. An Industrial Commission Form 22, Wage Chart, marked as Stipulated Exhibit Number Two, is admitted into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a forty-four year old woman. She had a twelfth grade education. Her employment history consisted primarily of work in the textile industry, including work as a knitter and toe closer. She had been employed by defendant for approximately one year and four months.
2. Plaintiff was employed by defendant as a toe closer. As a toe closer, plaintiff operated a sewing machine. The items that plaintiff sewed were brought to her work station in a box. Plaintiff would remove the items from the box and place them on a tray at her work station. Plaintiff had to bend to remove the items from the box. Plaintiff individually sewed each of the items in her tray using the sewing machine, periodically refilling her work tray with items from the larger box.
3. Plaintiff testified that on 17 May 1995, she was lifting items of work from the larger box when her back popped and she felt a burning sensation in her back. Plaintiff testified that she reported this incident to her supervisor, George Thompson. Before and after 17 May 1995, Mr. Thompson helped plaintiff and other employees by bringing work to their work stations.
4. On 23 May 1995, plaintiff presented to the Alamance Regional Medical Center emergency room complaining of pain and swelling in her right leg. Plaintiff reported experiencing leg discomfort for the previous two days. Thereafter, plaintiff was admitted to the hospital and her care assumed by Dr. Morris. Plaintiff reported leg pain of approximately three days in duration. She also informed Dr. Morris that she had experienced right leg discomfort since the fall of 1994, when she underwent surgery for the repair of a right femoral hernia. Unable to determine the etiology of plaintiff's right leg pain, Dr. Morris referred plaintiff to Dr. Roy.
5. After her referral to Dr. Roy, plaintiff underwent diagnostic studies, including a MRI of her lumbar spine. Plaintiff had a congenitally narrow spinal canal, multiple level degenerative disc disease, spinal stenosis at L4-L5 and a herniated disc with an extruded fragment on the right at L5-S1.
6. Plaintiff's leg and back pain was caused by her herniated disc at L5-S1 and spinal stenosis at L4-L5. Dr. Roy and Dr. Morris recommended surgery as treatment for her lumbar spine condition. Plaintiff did not undergo the recommended surgery.
7. As a result of her back and leg pain, plaintiff was unable to return to work for defendant from 23 May 1995 through 20 June 1995. When plaintiff returned to work for defendant, she resumed her usual position as a toe closer. Plaintiff continued to be employed in this position through the date of the hearing in this case.
8. Approximately six weeks prior to 17 May 1995, plaintiff fell backwards and struck her head. Plaintiff was dazed, but did not lose consciousness as a result of this incident. She did have headaches and vertigo following this incident. This incident occurred at plaintiff's home.
9. Plaintiff's lumbar spine condition was consistent with the lifting incident described by plaintiff. It was possible that plaintiff's lumbar spine condition resulted from the lifting incident. Depending upon the mechanics of plaintiff's fall at her home, that incident could have caused plaintiff's herniated disc.
10. The evidence of record is insufficient to prove by its greater weight that plaintiff's lumbar spine condition was caused or aggravated by a specific incident occurring during her employment with defendant on 17 May 1995.
11. Defendant did not notify the Industrial Commission of its denial of plaintiff's claim on or before the fourteenth day after it had actual or written notice of plaintiff's alleged injury.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant. N.C.G.S. § 97-2(6).
2. Defendant did not waive its right to deny liability for plaintiff's alleged injury by failing to notify the Industrial Commission of its denial on or before the fourteenth day after it had actual or written notice of plaintiff's alleged injury. N.C.G.S. § 97-18.
3. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs, except that defendant shall pay Dr. Morris $175.00 as an expert witness fee.
This case is ORDERED REMOVED from the Graham docket.
 S/ _________________________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
CONCURRING:
S/ ___________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
WBT/cbd